1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287–Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 NORTHERN CALIFORNIA GLAZIERS,          Case No.:  C09-1222 CW
   ARCHITECTURAL METAL AND GLASS
12 WORKERS PENSION PLAN, et al.           **JUDGMENT PURSUANT TO
                                          STIPULATION**
13         Plaintiffs,

14 v.

15 LAWTON GLASS, INC., a California
   Corporation,
16
           Defendant.
17

18         IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be

19
   entered in the within action in favor of the plaintiffs BOARDS OF TRUSTEES FOR
20
   NORTHERN   CALIFORNIA   GLAZIERS,   ARCHITECTURAL   METAL   AND   GLASS
21
   WORKERS PENSION PLAN, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant
22
   LAWTON GLASS, INC ("Defendant"), upon any default herein of Defendant under the following
23
   terms:
24
           1.      Defendant Lawton Glass, Inc. is signatory to a valid collective bargaining
25
   agreement known as the Northern California Glaziers Master Agreement, between District
26
   Council No. 16 and Northern California Glass Management, an FCA Affiliate (hereinafter
27
   "Bargaining Agreement"), which is in full force and effect to the present time.
28

                                                                    1

2.     Defendant Lawton Glass, Inc. through its president Andrew DeMotte, acknowledges receipt of the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Case Management Conference Order; Standing Order for All Judges of the Northern District of California, Judge's Standing Order; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Notice of Assignment of Case to a United States Magistrate Judge For Trial, Consent, Declination; Consenting to a Magistrate Judge's Jurisdiction in the Northern District of California, ECF Registration Information Handout; and Welcome to the U.S. District Court, San Francisco; and Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge.

3.     Defendant has become indebted to the Trust Funds for amounts due and owing under the terms of the Collective Bargaining Agreement and Trust Agreements as follows:

| | | |
|---|---|---|
| 10/08 Contribution balance | $9,978.57 | |
| 11/08 Contributions | $15,717.13 | |
| 12/08 Contributions | $9,297.47 | |
| 1/09 Contributions | $6,286.72 | |
| | | $39,572.11 |
| 20% Liquidated Damages on 10/08-1/09 Contributions | | $12,247.40 |
| 8% p/a Interest on 9/08-1/09 Contributions (to 3/31/09) | | $1,326.69 |
| Cost of Suit | | $350.00 |
| Attorneys' Fees (to 3/17/09) | | $776.00 |
| **TOTAL** | | **$54,272.20** |

4.     Defendant shall, upon Trustees' approval and performance of all requirements pursuant to this Stipulation, **conditionally** pay the amount of **$42,024.80** (the total above, less liquidated damages in the amount of $12,247.40), subject to timely Satisfaction of all other amounts due *and* Trustee approval, as follows:

(a)     Defendant has made an initial payment in the sum of **$9,978.58**, received by Plaintiffs on March 11, 2009, and already credited in the amounts shown above;

2

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C09-1222 CW**

1    (b)    Hereafter, on or before April 10, 2009, and on the 10th day of each month thereafter for a period of nine (9) months through December 10, 2009, Defendant shall make monthly payments to Plaintiffs of **$5,000.00;**

(c)    Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment. Defendant may request a "payout demand" at any time during the payment period, for satisfaction of this Judgment;

(d)    Payments shall be applied first to interest and then to unpaid principal at the rate of 8% per annum in accordance with Plaintiffs' Trust Agreements.

(e)    Payments shall be made to the "Glaziers Trust Funds," and delivered on or before the 10th day of each month to Muriel B. Kaplan, Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, beginning with **March 11, 2009**, and thereafter until this debt is satisfied, or to such other address as may be specified by Plaintiffs.

5.    Beginning with contributions due for hours worked by Defendant's employees during the month of February 2009, due on March 15, 2009 and delinquent if not received by March 31, 2009, and for every month thereafter until this Stipulation is satisfied, Defendant will remain current in contributions due to Plaintiffs under the terms of the Bargaining Agreement, by timely submitting monthly reports and paying all contributions due to the Trust Funds. **Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check**, to Muriel B. Kaplan at 415-882-9287.  Payments may be made by joint check, which shall be submitted to the Trust Funds with all necessary endorsements.  To the extent that Defendant works on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be faxed to Saltzman and Johnson Law Corporation to the attention of Muriel B. Kaplan concurrently with their submission to the general contractor, owner or other reporting agency.

Failure by Defendant to remain current in monthly contributions shall constitute a default of the obligations under this agreement and the provisions of ¶ 9 shall apply.   Any such unpaid or

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C09-1222 CW**

1  late paid contributions, together with 20% liquidated damages and 8% per annum interest accrued

2  on the unpaid contributions, shall be owing and shall be added to and become a part of any

3  Judgment entered.   Plaintiffs reserve all rights available under the applicable Bargaining

4  Agreement for collection of current and future contributions and the provisions of this agreement

5  are in addition thereto, until this action is fully satisfied.

6        6.      Any payment not timely submitted, or submitted by Defendant but which fails to

7  clear the bank, or is unable to be negotiated for any reason, shall be a default of this Stipulation.

8             (a)     If this occurs, Plaintiffs shall make a written demand to Defendant to cure

9  said default.   Default will only be cured by the issuance of a replacement, ***cashier's check***,

10  delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the

11  notice from plaintiffs.   If Defendant elects to cure said default, and Plaintiffs elect to accept a

12  future payment, all payments shall be made by cashier's check.

13             (b)    *In the event default is not cured following the notice of default, Judgment*

14  *may be entered without further notice to Defendant, as set forth in more detail below. No*

15  *Judgment shall be entered with the Court, unless and until a default occurs and is not cured by*

16  *cashier's check.*

17        7.      Prior to the last payment pursuant to this Stipulation, Defendant may submit a

18  written request for waiver of liquidated damages, addressed to the Board of Trustees, but faxed to

19  Muriel B. Kaplan, at 415-992-9287.   The Trustees will not consider a waiver of liquidated

20  damages until Defendant has fully performed under the terms of this Agreement, and its

21  account(s) are otherwise current with the Trust Funds.

22        8.      Prior to Defendant's submission of its final payment, Plaintiffs will advise

23  Defendant in writing of the remaining amounts due, including any additional amounts claimed

24  pursuant to the Stipulation, which shall include, but not be limited to, any additional attorneys' fees

25  and costs incurred in this matter, and any decision of the Trustees as to whether the conditional

26  waiver of liquidated damages has been granted.

27        9.      In the event that Defendant fails to make or cure any payment required under ¶¶ 4

28  or 5 above, then,

C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\C09-1222 CW Judgment Pursuant to Stipulation 031009.DOC

(a) The entire balance of **$54,272.20**, including the liquidated damages for which the conditional waiver was not met, shall be immediately due, reduced by principal payments received by Plaintiffs, together with any additional attorneys' fees and costs under section (c) below, and any additional amounts unpaid under ¶ 8 herein. Plaintiffs shall then file this Stipulation with the Court, for the purpose of entry of Judgment, without further notice to Defendant or hearing thereon, prior to entry of Judgment. A Declaration by Plaintiffs or an authorized representative of Plaintiffs as to payments made and the balance remaining due, including all liquidated damages, interest and additional attorneys' fees and costs, and additional contributions, liquidated damages, and interest due, if any, shall be sufficient to have Judgment entered.

(b) Upon entry of Judgment, a writ of execution may be obtained against Defendant without further notice or hearing, upon declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default, which shall be sufficient to secure the issuance of a writ of execution, without further notice to Defendant. Defendant waives notice of entry of judgment and expressly waives all rights to stay of execution and appeal. <u>Defendant specifically consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein.</u>

10. Defendant shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed to plaintiffs under this Stipulation.

11. Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

12. Plaintiffs specifically reserve all rights to bring a subsequent action against Defendant for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendant specifically waives the defense of the doctrine of res judicata in any such action.

13. In the event of the filing of a bankruptcy petition by Defendant, the parties agree

1    that any payments made pursuant to the terms of this Stipulation, shall be deemed to have been

2    made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall

3    not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise.

4    Defendant nevertheless represents that no bankruptcy filing is anticipated.

5        14.      Should any provision of this Agreement be declared or determined by any court of

6    competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

7    enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

8    illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

9    Agreement.

10        15.      Andrew DeMotte acknowledges that he is the RMO/CEO/President of Defendant

11    Lawton's Glass, Inc. and personally guarantees all amounts due herein. All terms applicable here to

12    Defendant shall apply to Guarantor as well.  Andrew DeMotte further acknowledges that all

13    successors in interest to Lawton's Glass, Inc., as well as any assigns, affiliated entities and

14    purchasers, shall be contractually bound by the terms of this Stipulation.  All such entities shall

15    specifically consent to the terms herein and to the Court's jurisdiction, in writing at the time of any

16    assignment, affiliation or purchase.

17        16.      This Stipulation is limited to the agreement between the parties with respect to

18    the delinquent contributions owed by Defendant to the Funds.  This Stipulation does not in any

19    manner relate to withdrawal liability claims, if any.  Defendant acknowledges that the Funds

20    expressly reserve their right to pursue any additional amounts determined to be due from

21    Defendant as provided by the Collective Bargaining Agreement, Trust Agreements incorporated

22    therein, and the law.

23        17.      Defendant and Guarantor represent and warrant that they have had the opportunity

24    to be represented by counsel of their own choosing in this action.  Defendant and Guarantor

25    further represent that they have read this Agreement with care and are fully aware of its contents

26    and requirements, and represent that they enter into this Agreement voluntarily and without

27    duress.

28    ///

6

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C09-1222 CW**

1    18.    This Agreement may be executed in any number of counterparts and by facsimile,

2    each of which shall be deemed an original and all of which shall constitute together one and the

3    same instrument.

4    Dated: April 21, 2009                    **LAWTON GLASS, INC.**

5

6                                By:    Andrew Lawton DeMotte /S/
                                       Andrew Lawton DeMotte, RMO/CEO/President

7

8    Dated: April 21, 2009                    **ANDREW DeMOTTE**

9

10                                          Andrew DeMotte /S/
                                            Andrew DeMotte, Individually as Guarantor

11

12   Dated: April 22, 2009                    **SALTZMAN & JOHNSON**
                                              **LAW CORPORATION**
13

14                                          Muriel B. Kaplan /S/

15                                          Muriel B. Kaplan
                                            Attorneys for Plaintiffs
16

17   **IT IS SO ORDERED**.

18                4/24/09

19   Dated: _____, _____        _____
                                              UNITED STATES DISTRICT COURT JUDGE
20

21

22

23

24

25

26

27

28
                                                                                                7
                                              **JUDGMENT PURSUANT TO STIPULATION**
                                              **CASE NO.: C09-1222 CW**